IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vivian M. Woods,          )<br>                              )<br>            Plaintiff,      )<br>                              )<br>v.                            )<br>                              )<br>Haig Point Club Community Association,)<br>Inc., a/k/a Haig Point Club Community  )<br>Association, LLC; Randy Page,        )<br>General Manager HPC Inc. a/k/a      )<br>Randall Page;Tim Richards, Operations )<br>Director HPCCA Inc. and/or LLC a/k/a )<br>Timothy Richards; Judy Wade, Former  )<br>President HPCCA Inc. and/or LLC;     )<br>Stan Waterhouse, Former General      )<br>Manager HPCCA Inc.,                  )<br>                              )<br>            Defendants.    )<br>_____) | Civil Action No. 9:11-1161-SB<br><br>**ORDER** |

This matter is before the Court upon the Plaintiff's complaint asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e17. By local rule, this matter was referred to a United States Magistrate Judge for preliminary determinations.

On June 14, 2011, the Defendants filed a motion to dismiss. Because the Plaintiff was still pro se at that time, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the importance of a dispositive motion and of her need to file an adequate response. Subsequently, counsel made an appearance on behalf of the Plaintiff and filed a response in opposition to the Defendants' motion on September 8, 2011. The Defendants filed a reply brief on September 19, 2011.

On September 29, 2011, the Magistrate Judge issued a report and recommendation

("R&R"), recommending that the Court dismiss the natural Defendants because there is no individual liability under Title VII and recommending that the Court dismiss the Plaintiff's claim for intentional infliction of emotional distress pursuant to the South Carolina Workers' Compensation Act. Attached to the R&R was a notice advising the parties that they may file specific, written objections to the R&R within fourteen days after being served with a copy. To date, no written objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because no objections have been filed, the Court need not conduct a de novo review of any portion of the R&R.

Accordingly, after consideration of the Magistrate Judge's findings and recommendations, the Court hereby adopts the R&R as the Order of this Court and orders that the individual, natural Defendants be dismissed and that the Plaintiff's claim for intentional infliction of emotional distress be dismissed. The only remaining claim, therefore, is the Plaintiff's Title VII claim against the named corporate Defendant.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 18, 2011
Charleston, South Carolina

2